IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

IN RE: C.R. BARD, INC.,
    PELVIC REPAIR SYSTEM
      PRODUCTS LIABILITY LITIGATION            MDL 2187

THIS DOCUMENT RELATES TO:

*Toulson v. C. R. Bard, Inc.*                       Civil Action No. 2:16-cv-03816

ORDER

Pending before the court is the Motion to Dismiss With Prejudice or in the Alternative Motion for Show Cause Order for Failure to Serve a Plaintiff Profile Form or Plaintiff Fact Sheet, filed by defendant C. R. Bard, Inc. ("Bard") on December 15, 2017 ("Motion") [ECF No. 14]. The plaintiff did not file a response, and the deadline to file an opposition has expired. Thus, this matter is now ripe for my review. For the reasons stated below, the Motion is **GRANTED**.

I. Background

This is Bard's second motion to dismiss filed on grounds that the plaintiff has failed to comply with discovery deadlines. On July 26, 2017, in response to Bard's previous motion, I ordered the plaintiff to submit a completed Plaintiff Fact Sheet ("PFS") with verifications and authorizations to Bard within thirty days [ECF No. 10]. In the same order, I also expressly warned the plaintiff that her "[f]ailure to comply . . . may result in dismissal with prejudice upon motion by Bard." *Id.* at 6. To date, nothing in the record suggests that the plaintiff complied with the July 26, 2017

order.

In the instant Motion, Bard alleges that the plaintiff failed to provide a completed Plaintiff Profile Form ("PPF") or PFS timely. In moving for relief, Bard asks that (1) the court dismiss the complaint with prejudice, or, in the alternative, (2) require the plaintiff to show cause as to her failure to provide a PPF and PFS as directed.

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse and stress urinary incontinence. In the seven MDLs, there are roughly 24,000 cases currently pending, approximately 3,000 of which are in the Bard MDL, MDL No. 2187.

In an effort to manage the massive Bard MDL efficiently and effectively, the court decided to conduct pretrial discovery and motions practice on an individualized basis. To this end, I ordered the plaintiffs and defendants to submit a joint list of remaining cases in the Bard MDL, MDL 2187, with claims against Bard and other defendants where counsel has at least twenty cases in the Bard MDL. The list included nearly 3000 cases. From these cases, I selected 333 cases to become part of a "wave" of cases to be prepared for trial and, if necessary, remanded. *See* Pretrial Order No. 236, *In re C. R. Bard, Inc. Pelvic Repair Sys. Prods. Liab. Litig.*, No. 2:10-md-02187, Jan. 27, 2017, https://www.wvsd.uscourts.gov/MDL/2187/orders.html. Upon the creation of a wave, a docket control order subjects each active case in the wave to the same scheduling deadlines, rules regarding motion practice, and limitations on discovery. I selected the instant civil action as a Wave 4 case. As I

directed in PTO # 236, all plaintiffs in Wave 4 cases were required to submit a PFS by February 27, 2017.

Managing multidistrict litigation also requires the court to streamline certain litigation procedures in order to improve efficiency for the parties and the court. Some of these management techniques simplify the parties' discovery responsibilities. PTO # 66, for example, provides that each plaintiff in cases that have been filed in, removed to, or transferred to this MDL on or after January 9, 2013, must submit a PPF within sixty (60) days of filing the Short Form Complaint. *See* PTO No. 66.

Thereafter, I imposed a filing requirement on the PPFs and the PFSs, directing each plaintiff to file with the Clerk of the court in that plaintiff's individual case, a complete copy of the PPF and PFS. *See* PTO No. 253. The deadlines imposed on the plaintiff to submit and file a PPF and PFS have both expired.

## II. Analysis

Here, the record establishes that the plaintiff failed to file either the PFS or the PPF timely. Bard now alleges that the plaintiff has also failed to *submit* either the PFS or PPF; a charge uncontested given the absence of any opposition to the Motion.

Rule 41(b) of the Federal Rules of Civil Procedure provides that a defendant may move for dismissal of a civil action "[i]f the plaintiff fails to prosecute or comply with these rules or a court order." Fed. R. Civ. P. 41(b). In this case, the plaintiff failed to respond to several specific directives of the court. Despite the warning of sanctions, the plaintiff has still not complied with this court's prior orders or requested an enlargement of time to respond.

3

I recognize that dismissal is "not a sanction to be invoked lightly." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989). Generally, courts must consider certain criteria addressing the propriety of dismissal as a sanction given the particular circumstances of the case:

> (1) the degree of personal responsibility on the part of the plaintiff; (2) the amount of prejudice to the defendant caused by the delay; (3) the presence or absence of a drawn out history of deliberately proceeding in a dilatory fashion; and (4) the effectiveness of sanctions less drastic than dismissal.

*Id.* "A district court need not engage in a rigid application of this test, however, when a litigant has ignored an express warning that failure to comply with an order will result in the dismissal of his claim." *Taylor v. Huffman*, No. 95-6380, 1997 WL 407801, at * 1 (4th Cir. July 22, 1997) (citing *Ballard*, 882 F.2d at 95-96) (finding dismissal with prejudice proper where a litigant ignored an express warning from a magistrate, who advised that a failure to act by a certain date would result in a recommendation for dismissal with prejudice).

Here, the court's July 26, 2017 order expressly warned that if the plaintiff fails to comply with the court's directive timely, upon motion by Bard, this case may be dismissed with prejudice. The warning itself was reasonable as the case has been pending for several years and the plaintiff has given no clarification that she intends to prosecute her cause of action. Any further delay would be undue, and the court has little alternative to dismissal.

As a result, the Motion to Dismiss is **GRANTED** and the case is **DISMISSED with prejudice**.

4

### III. Conclusion

For the reasons stated above, the court hereby **ORDERS** that the Motion to Dismiss With Prejudice or in the Alternative Motion for Show Cause Order for Failure to Serve a Plaintiff Profile Form or Plaintiff Fact Sheet [ECF No. 14] is **GRANTED**, and that this case is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the docket. Any motions pending in this case at the time of this dismissal are **DENIED AS MOOT**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: February 28, 2018

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE